IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| MARY SHIRLEY GOLPHIN | : | BANKRUPTCY NO.: 5-16-bk-03458-JJT |
| DEBTOR | : | |
| MARY SHIRLEY GOLPHIN | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss Second Amended Complaint (Doc. #25)} |
| PLAINTIFF | : | |
| vs. | : | |
| WELLS FARGO BANK, N.A., | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-16-ap-00170-JJT** |

# OPINION

Mary Golphin filed for relief under Chapter 7 on August 27, 2016. At issue is the Second Amended Complaint of Debtor, Mary Golphin. The Complaint is filed against Wells Fargo Bank, N.A., who has responded with a Motion to Dismiss (Doc. #25).

In the Plaintiff-Debtor's Memorandum of Law in opposition to the Defendant's Motion to Dismiss, the Debtor has concurred with dismissal regarding Counts III and VI. (Doc. #27 at 10 and 11.)

In a series of 138 paragraphs, the Debtor identifies six counts (the first of which is not specifically numbered, apparently in error). Unnumbered Count I, paragraphs 1-38, asks that I determine that Wells Fargo is not a secured creditor. Counts II and IV seek similar relief and will be addressed together. Well Fargo argues that these Counts should be dismissed since the state court has already entered a final foreclosure judgment in favor of Wells Fargo. This does

not appear to be in dispute and may be considered in ruling on the Motion to Dismiss. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993). If I were to agree with Debtor and determine that Wells Fargo was unsecured, it would effectively invalidate the state court judgment[1], something I am not permitted to do under the *Rooker-Feldman* doctrine. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1522, 161 L. Ed. 2d 454 (2005); *In re Madera*, 586 F.3d 228, 232 (3rd Cir. 2009). In her brief, the Debtor argues that *Rooker-Feldman* does not apply if the state court judgment was procured through fraud. Similar allegations of fraud in relation to a mortgage were raised before our Circuit Court of Appeals in *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149 (3rd Cir. 2008) (unpublished opinion), which affirmed a dismissal of a mortgagor's complaint to vacate the foreclosure, since these allegations of fraud could have been raised at the time of foreclosure. *Moncrief*, 275 F. App'x at 154.

The Debtor also raises an issue created by recent amendments to the Federal Bankruptcy Rules, more specifically, Federal Rule of Bankruptcy Procedure 3002(a), which requires a secured creditor to file a proof of claim in order to be "allowed." Since no claim has been filed on behalf of Wells Fargo, the Court fails to see the import of the application of this rule. In fact, the creditors were specifically advised NOT to file a claim because of an assumption that this was a no asset case. (Doc. #14.) Debtor's suggestion that this requires the Court to somehow deem the mortgage unsecured is completely contrary to language of Rule 3002(a) which reads: "a lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim."

---

[1] The State Court judgment was entered on March 10, 2015. (Doc. #26 at Exhibit C.)

[K:\Cathy\Opinions-Orders filed 2017\5-16-ap-00170-JJT_Golphin pdf]    2

Case 5:16-ap-00170-JJT    Doc 29    Filed 12/13/17    Entered 12/13/17 11:37:28    Desc
Main Document    Page 2 of 3

It is apparent that Counts I, II, and IV must be dismissed.

The remaining Count V alleges a post-bankruptcy violation of the Federal Real Estate Procedures Act (12 U.S.C. § 2605(5)(e)). The Debtor acknowledges this alleged date of violation in Document #27 at 17.

My jurisdiction as a bankruptcy judge requires that matters before me arise under, arise in, or relate to a case under title 11. 28 U.S.C. § 1334(b). The broadest category, of course, is my "related to" jurisdiction. The test set out by the Third Circuit in the case of *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984) for determining "related to" jurisdiction, asks whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. In this case, it would not since the cause of action arose after the Chapter 7 filing. My jurisdiction would necessarily exclude any cause of action that would first exist for the Debtor's benefit after the filing of a Chapter 7.

It is for these reasons that the Defendant's Motion to Dismiss must be granted.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMP)

Date: December 13, 2017

[K:\Cathy\Opinions-Orders filed 2017\5-16-ap-00170-JJT_Golphin pdf]    3

Case 5:16-ap-00170-JJT    Doc 29    Filed 12/13/17    Entered 12/13/17 11:37:28    Desc
Main Document    Page 3 of 3